Entered: April 2nd, 2026
Signed: April 2nd, 2026

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MULFORD CONSTRUCTION CO., INC.,** | **Case No. 26-13271 (LSS)** |
| **Debtor.** | |

**ORDER GRANTING EMERGENCY MOTION FOR AUTHORITY TO PAY
PRE-PETITION ACCRUED WAGES, PAYROLL TAXES, AND
<u>EMPLOYEE BENEFITS</u>**

Upon consideration of the motion (the "<u>Motion</u>") of Mulford Construction Co., Inc. (the "<u>Debtor</u>"), the above-captioned debtor and debtor in possession, for entry of an order authorizing payment of prepetition payroll obligations and related items, employee benefits, expense reimbursement, and the continuation of certain employment programs and policies in the ordinary course; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; and it appearing that notice of the Motion is sufficient under the circumstances; and after due deliberation and good and sufficient cause

6543124.2

1

appearing therefor and the consideration of any opposition to the Motion; it is hereby by the United States Bankruptcy Court for the District of Maryland, hereby:

**ORDERED**, that the Motion is **GRANTED** as set forth herein; and it is further

**ORDERED**, that the Debtor is authorized, but not required, in its sole and absolute discretion and in the exercise of its business judgment, to honor and pay in the ordinary course of business the Pre-petition Payroll (as that term is defined in the Motion), including related tax obligations of the Debtor and the Employees, and Employee Benefits subject to (and capped at) the statutory limitations set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5); and it is further

**ORDERED**, that the Debtor is authorized, but not required, in the exercise of its business judgment, to honor and pay in the ordinary course of business all uncleared payments and amounts not yet due related to the March 27 Payroll; and it is further

**ORDERED**, that the Debtor will not pay accrued wages, salary, and Employee Benefits in excess of the statutory cap of $17,150 per individual as set forth in 11 U.S.C. §§ 507(a)(4); and it is further

**ORDERED**, that the Debtor is authorized, but not required, in the exercise of its business judgment, to honor and pay in the ordinary course of business all prepetition Reimbursable Expenses up to $500 per Employee and an aggregate of $2,500; and it is further

**ORDERED**, that the Debtor is authorized, but not required, to make all normal and customary withholdings and deductions from wages and other compensation paid to the Employees, and to make all matching payments or contributions required under applicable law or otherwise made in the ordinary course of business, including those for garnishments and child support, for the purpose of paying all applicable taxes and other obligations normally associated with such payments; and it is further

6543124.2

2

**ORDERED**, that the Debtor is authorized, but not required, to issue new post-petition checks or make new money transfers to replace any prepetition checks or fund transfer requests that may have been dishonored or denied with respect to the employee-related obligation referenced herein or in the Motion; and it is further

**ORDERED**, that this Order is without prejudice to any rights that the Debtor may otherwise have under applicable law to modify or terminate any programs, policies, or plans referenced herein or in the Motion; and it is further

**ORDERED**, that all applicable banks and other financial institutions are hereby authorized to (i) receive, process, honor, and pay any and all checks and transfer requests evidencing amounts approved under this Order whether presented prior to or after the Petition Date; (ii) reissue checks evidencing amounts approved under this Order where checks may be dishonored post-petition; and (iii) to the extent that a bank may have honored any prepetition payroll checks prior to the Petition Date, such honoring is ratified. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Order to the extent that the Debtor has good funds standing to its credit with such bank or other financial institution and to rely on the representations of the Debtor as to which checks are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following the Debtor's instructions; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order; and it is further

**ORDERED**, that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied or otherwise deemed waived; and it is further

6543124.2

**ORDERED**, that notwithstanding Rule 6004(h) of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**\*\*END OF ORDER\*\***

cc: Richard L. Costella
   Dennis J. Shaffer
   Tydings & Rosenberg LLP
   One East Pratt Street, Suite 901
   Baltimore, Maryland  21202

   Office of the United States Trustee
   101 West Lombard Street, Suite 2625
   Baltimore, Maryland 21201

6543124.2