Entered: May 7th, 2026
Signed: May 7th, 2026

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| **In re:** | |
| **MULFORD CONSTRUCTION CO., INC.,** | **Case No.: 26-13271-LSS**<br>**Chapter 11** |
| **Debtor.** | |

### CONSENT ORDER GRANTING DEBTOR'S APPLICATION
### FOR AUTHORITY TO EMPLOY TRAXI LLC AS FINANCIAL
### <u>ADVISORS FOR DEBTOR AND DEBTOR-IN -POSSESSION</u>

Upon consideration of the Application for Authority to Employ Traxi as Financial

Advisors for the Debtor and Debor-in-Possession [Docket No. 70] (the "Retention Application"),

filed by the debtor and debtor in possession in the above-captioned cases (the "Debtor"), the

Court having reviewed the Retention Application, the Amended Engagement Letter dated March

26, 2026 (the "Amended Engagement Letter") and the Objection thereto filed by the United

States Trustee [Docket No. 99] (the "Objection"), said Objection having been resolved by the

terms of this Consent Order, the Court finds that:

i. jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 1334 and 157; (ii) notice

of the Application and the Hearing was sufficient under the circumstances; (iii) Traxi is a

"disinterested person" pursuant to section 101(14) of title 11 of the United States Code

(the "Bankruptcy Code"); and (iv) the legal and factual bases set forth in the relevant documents and statements (listed above) establish just cause for the relief granted herein. Based on the foregoing, it is, by the United States Bankruptcy Court for the District of Maryland, HEREBY ORDERED THAT:

1.     The Retention Application is granted.

2.     That Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

3.     The Debtor is authorized to employ and retain Traxi as their Financial Advisors in this Chapter 11 case, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, as well as rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), on the terms set forth in the Application and the Amended Engagement Letter attached hereto as Exhibit A, effective as of March 26, 2026.

4.     The terms of the Amended Engagement Letter are "reasonable" as such term is used in section 328(a) of the Bankruptcy Code. Traxi shall be compensated and reimbursed in accordance with the terms of the Amended Engagement Letter, and all compensation and reimbursement of expenses to be paid to Traxi shall be subject to the standard review provided in section 330 of the Bankruptcy Code.  Traxi shall file applications for approval of its compensation and reimbursement of expenses and all compensation, fees and expense reimbursement to Traxi shall be subject to Court approval.

5.     Except as otherwise set forth herein, Traxi's fees and expenses shall be paid in the amounts, at the times, and in the manner described in the Amended Engagement Letter, subject however to final Court approval.

6. For so long as this case remains pending, all requests of Traxi for payment of indemnity pursuant to the indemnification provisions of the Amended Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Amended Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Traxi be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct.

7. The Debtor shall have no obligation to indemnify Traxi for Traxi defending against an objection to an application for compensation filed by Traxi in the Bankruptcy Court.

8. Notwithstanding any provision of the Amended Engagement Letter or the Application to the contrary, the Debtor shall have no obligation to indemnify Traxi, or any other Indemnified Parties, or to provide contribution or reimbursement to Traxi, or any other Indemnified Parties, for any losses, claims, damages, liabilities, or expenses that are (i) judicially determined (the determination having become final) to have arisen from Traxi's or such Indemnified Party's bad faith, negligence, gross negligence or willful misconduct, breach of loyalty or material breach of the Amended Engagement Letter, or (ii) settled prior to a judicial determination as to Traxi's or such Indemnified Party's bad faith, gross negligence or willful misconduct, breach of loyalty or material breach of the Amended Engagement Letter, but determined by this Court, after notice and a hearing, to be a claim or expense for which Traxi or such other Indemnified Party should not receive indemnity, contribution, or reimbursement under the Amended Engagement Letter, as modified herein.

9.      To the extent that this Order is inconsistent with the Amended Engagement Letter, this Order shall govern.

10.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      Any disputes or litigation regarding, arising from or relating to the engagement of Traxi by the Debtor or any of the terms of the Amended Engagement Letter or this Order shall be brought exclusively in this Court.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

CONSENTED TO:

| | |
|---|---|
| */s/ L. Jeanette Rice* | */s/ Dennis Shaffer* |
| L. Jeanette Rice, Bar No. 12933 | Dennis Shaffer |
| Assistant U.S. Trustee | Tydings & Rosenberg, LLP |
| 6305 Ivy Lane, Suite 600 | One East Pratt Street, Suite 901 |
| Greenbelt, Maryland  20770 | Baltimore, Maryland 21202 |
| (301) 344-6220 | (410) 752-9700 |
| Jeanette.Rice@usdoj.gov | dshaffer@tydings.com |
| *Counsel for Matthew W. Cheney* | *Counsel for the Debtor* |
| *Acting United States Trustee* | |

I HEREBY CERTIFY that the terms of the copy of the Consent Order submitted to the Court are identical to those set forth in the original; and the signatures represented by the /s/ on this copy reference the signatures of consenting parties on the original consent order.

*/s/ L. Jeanette Rice*
L. Jeanette Rice

END OF ORDER