Entered: May 11th, 2026
Signed: May 8th, 2026

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| | * | |
| **MULFORD CONSTRUCTION CO., INC.,** | * | **Case No: 26-13271** |
| | * | **Chapter 11** |
| | * | |
| **Debtor.** | * | |
| | * | |
| *   *   *   *   * | * | *   *   *   *   * |
| **CATERPILLAR FINANCIAL SERVICES CORPORATION,** | * | |
| | * | |
| | * | |
| **Movant,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **MULFORD CONSTRUCTION CO., INC.,** | * | |
| | * | |
| **Respondent.** | * | |
| | * | |
| *   *   *   *   * | * | *   *   *   *   * |

### CONSENT ORDER GRANTING CATERPILLAR
### FINANCIAL SERVICES CORPORATION ADEQUATE PROTECTION

The matter before the Court is the *Motion for Relief from the Automatic Stay of 11 U.S.C. § 362(a) and Memorandum in Support Thereof* (the "Motion") (Docket No. 110) filed by Caterpillar Financial Services Corporation ("CFSC"), by counsel. Mulford Construction Co.,

Inc. (the "Debtor") has agreed to make adequate protection payments with respect to the Equipment (as defined below).

From its review of the pleadings filed, and it appearing that the parties have reached an agreement according to the following terms, the Court hereby makes the following findings of fact and conclusions of law:

1. This is a core proceeding within the meaning of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

2. On or about March 27, 2026 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Court").

3. In July 2025, CFSC refinanced the Debtor's purchase of the following twenty-five (25) pieces of equipment (collectively, the "Equipment") as evidenced by a Promissory Note and Security Agreement dated July 25, 2025 (the "Note"):

| |
|---|
| 2024 Caterpillar 289D3 Compact Track Loader (Serial No. JX919244)  - UCC-1 Filed 6/24/24 |
| 2024 Caterpillar 317-07GC Hydraulic Excavator (Serial No. ZCF20181) – UCC-1 Filed 6/25/24 |
| 2023 Caterpillar 317-07GC Hydraulic Excavator (Serial No. ZCF20176) – UCC-1 Filed 6/25/24 |
| 2024 Caterpillar 330-07GC Hydraulic Excavator (Serial No. SCZ40169) – UCC-1 Filed 7/12/24 |
| 2024 Caterpillar 330-07GC Hydraulic Excavator (Serial No. SCZ50030) – UCC-1 Filed 7/12/24 |
| 2023 Caterpillar 963-12 Track Loader (Serial No. LTT00813) – UCC-1 Filed 7/21/23 |
| 2023 Caterpillar 306-07CR Hydraulic Excavator (Serial No. 6G607926) – UCC-1 Filed 7/21/23 |
| 2023 Caterpillar 317-07 Hydraulic Excavator (Serial No. TZE20182) – UCC-1 Filed 10/23/23 |
| 2023 Caterpillar 317-07 Hydraulic Excavator (Serial No. TZE20169) – UCC-1 Filed 10/23/23 |
| 2023 Caterpillar 330-07 Hydraulic Excavator (Serial No. WCH40172) – UCC-1 Filed 10/27/23 |
| 2023 Caterpillar 330-07 Hydraulic Excavator (Serial No. WCH40252) – UCC-1 Filed 11/1/23 |
| 2024 Caterpillar 352-08FG Hydraulic Excavator (Serial No. KXH10656) – UCC-1 Filed 12/11/23 |
| 2023 Caterpillar 330-07 Hydraulic Excavator (Serial No. WCH30535) – UCC-1 Filed 12/13/22 |
| 2024 Caterpillar 289D3 Compact Track Loader (Serial No. JX917441) – UCC-1 Filed 1/8/24 |
| 2024 Caterpillar 289D3 Compact Track Loader (Serial No. JX917423) – UCC-1 Filed 1/8/24 |
| 2024 Caterpillar 289D3 Compact Track Loader (Serial No. JX917393) – UCC-1 Filed 1/8/24 |
| 2023 Caterpillar 289D3 Compact Track Loader (Serial No. JX917001) – UCC-1 Filed 1/8/24 |
| 2024 Caterpillar D5-17VP Track Type Tractor (Serial No. Z6A02275) – UCC-1 Filed 1/10/24 |
| 2024 Caterpillar D5-17VP Track Type Tractor (Serial No. Z6A02335) – UCC-1 Filed 1/31/24 |

| |
|---|
| 2024 Caterpillar 330-07 Hydraulic Excavator (Serial No. WCH40391) – UCC-1 Filed 1/29/24 |
| 2022 Caterpillar 330-07 Hydraulic Excavator (Serial No. WCH30532) – UCC-1 Filed 12/13/22 |
| 2022 Caterpillar 336-07 Hydraulic Excavator (Serial No. YBN21543) – UCC-1 Filed 12/13/22 |
| 2020 Caterpillar D6-20VP Track Type Tractor (Serial No. RDC00581) – UCC-1 Filed 12/13/22 |
| 2023 Caterpillar 279D3 Compact Track Loader (Serial No. RB905749) – UCC-1 Filed 7/21/23 |
| 2022 Caterpillar 349-07 Hydraulic Excavator (Serial No. RYG20811) – UCC-1 Filed 7/21/23 |

4. Pursuant to the Note, the Debtor promised to pay to CFSC, in monthly installments of $104,120.41, the principal amount of $4,789,913.80, plus fees in the amount of $4,757.19 and interest at the rate of 10.99% per annum.

5. On or about December 18, 2025, the Debtor and CFSC entered into a Change of Due Date Amendment wherein the due date of monthly payments on the Note was changed to the 8th day of each month, starting on January 8, 2026 and continuing on the 8th day of each subsequent month thereafter until August 8, 2030.

6. Pursuant to the Note, CFSC asserts that it maintains a security interest in each piece of the Equipment. CFSC perfected its security interest in each piece of the Equipment by filing a UCC-1 Financing Statement with the Maryland Department of Assessments and Taxation as indicated in the chart above. Accordingly, CFSC asserts it has a properly perfected first-priority security interest in each piece of Equipment.

7. The Debtor defaulted on the Note by failing to make the required monthly payments. The last payment the Debtor made on the Note prior to filing its chapter 11 petition occurred on or about January 7, 2026.

8. As of the Petition Date, the total amount owed by the Debtor under the Note was $4,625,549.32, including principal, interest, and other charges associated with the Debtor's default. This amount does not include costs, attorneys' fees, and additional late fees, which all continue to accrue under the Note.

9. The Debtor has not made any post-petition payments on the Note.

10. The Debtor has agreed to make monthly post-petition adequate protection payments to CFSC in the amount of $41,300.00, commencing on May 15, 2026, and continuing on the 15th day of each subsequent month thereafter until October 15, 2026.

11. Service of the Motion to all interested parties was appropriate according to Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure.

12. The agreement between the Debtor and CFSC memorialized herein constitutes an acceptable resolution of a contested matter, and the agreement is not prejudicial to other creditors or parties-in-interest.

NOW, THEREFORE, from the foregoing findings of fact and conclusions of law, and it appearing proper to do so, it is:

**ORDERED** that the Motion shall be, and hereby is, **GRANTED** as provided herein; and it is further

**ORDERED** that the final hearing on the Motion is hereby CONTINUED to October 5, 2026, at 2:00 p.m. (EST) in Courtroom 3-E, United States Bankruptcy Court, Federal Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20770, before the Honorable Lori S. Simpson; and it is further

**ORDERED** that, based on consent of the parties, the Court determines that adequate protection payments are necessary and appropriate to protect CFSC's interest in the Equipment; and it is further

**ORDERED** that the Debtor shall make adequate protection payments to CFSC in the amount of $41,300.00, commencing on May 15, 2026 and continuing on the 15th day of each subsequent month thereafter until August 15, 2026; and it is further

**ORDERED** that the Debtor shall make the adequate protection payments payable to Caterpillar Financial Services Corporation and send such payments to Brandy M. Rapp, Esquire, Whiteford, Taylor & Preston L.L.P., 10 S. Jefferson St., Suite 1110, Roanoke, VA 24011; and it is further

**ORDERED** that the Debtor shall maintain insurance coverage on the Equipment as required by the Note; and it is further

**ORDERED** that in the event of a default under this Order, CFSC shall provide written notice describing the default to the Debtor. The notice of default shall be delivered to the Debtor's last known address by first class mail, postage prepaid, and to counsel for the Debtor by email. The Debtor shall have ten (10) days from the date of the notice to cure such default. In the event of a failure to cure any such default within the above-stated cure period, the stay will automatically terminate. Upon termination of the automatic stay, CFSC will be permitted to enforce all of its rights and remedies in the Equipment permitted under the Note and applicable state law; and it is further

**ORDERED** that in the event CFSC delivers three notices of default, CFSC shall have the right, by delivering written notice to the Debtor (at the Debtor's last known address by first class mail, postage prepaid, and to counsel for the Debtor by email) to terminate the stay without notice of default or opportunity to cure, even if the prior defaults were timely cured; and it is further

**ORDERED** that nothing in this Order waives any right of CFSC to request at any time that the Court provide additional or further protection of its interest in the Equipment, or to seek further or additional adequate protection in the event the adequate protection provided herein proves to be inadequate; and it is further

**ORDERED** that no failure or delay of CFSC in exercising any right, power, or remedy provided herein shall operate as a waiver of that right, power, or remedy or any subsequent right, power, or remedy.

CONSENTED TO:

*/s/ Brandy M. Rapp*
Brent C. Strickland (Bar No. 22704)
WHITEFORD, TAYLOR & PRESTON LLP
8830 Stanford Boulevard, Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

and

Brandy M. Rapp, Esquire (admitted *pro hac vice*)
WHITEFORD, TAYLOR & PRESTON LLP
10 S. Jefferson Street, Suite 1110
Roanoke, VA 24011
Phone: (540) 759-3577
Email: brapp@whitefordlaw.com

*Counsel to Caterpillar Financial Services Corporation*

*/s/ Dennis J. Shaffer*
Richard L. Costella (Bar No. 14095)
Dennis J. Shaffer (Bar No. 25680)
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202
Phone: (410) 752-9700
Email: rcostella@tydings.com
        dshaffer@tydings.com

*Counsel for the Debtor*

**END OF ORDER**