Entered: June 26th, 2026
Signed: June 26th, 2026

**SO ORDERED**



_Lori Simpson_
**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(<u>Greenbelt Division</u>)**

| | |
|---|---|
| In re:<br><br>MULFORD CONSTRUCTION CO., INC.,<br><br>Debtor. | Case No. 26-13271-LSS<br>Chapter 11 |
| COMMERCIAL CREDIT GROUP, INC.,<br><br>Movant,<br><br>v.<br><br>MULFORD CONSTRUCTION CO., INC.,<br><br>Defendant. | |

**<u>PARTIAL CONSENT ORDER ON MOTION FOR</u>**
**<u>RELIEF FROM THE AUTOMATIC STAY</u>**

Upon consideration of the Motion for Relief from the Automatic Stay of 11 U.S.C. § 362(a) (the "Motion") [ECF No. 185] filed by Commercial Credit Group, Inc. ("CCG"), the Objection [ECF No. 218] filed by Mulford Construction Co., Inc. (the "Debtor"), the lack of objections filed by any other party, it appearing that proper notice of the Motion has been given, and it appearing

1

that the Debtor and CCG, through their respective undersigned counsel, have consented to the partial relief granted herein.

The parties hereby agree to the following:

1.      On or about March 27, 2026 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Court").

2.      Between 2023 and 2025, the Debtor obtained seven loans from CCG which the Debtor utilized to purchase Equipment.[1]

3.      On March 25, 2026 and March 26, 2026, the Debtor conducted a pre-petition auction of certain pieces of Equipment and other items:

| Equipment Description | Serial Number |
| --- | --- |
| 2020 John Deere 750K Dozer | 1T0750KXCKF346867 |
| 2019 Hitachi ZX350LC-6 Excavator | 1FFDDR70PJF940602 |
| 2015 Komatsu WA320-7 Wheel Loader with Coupler SN 284J320, Forks SN J000058952-1, and 3.25CY Bucket SN J000065955-1 | 80680 |
| 2017 Komatsu WA270-8 Wheel Loader with Forks SN J000058673-1, 3Yd Bucket SN J000079440-1 and Coupler SN A69669 | A28211 |
| 2015 Hitachi ZX160LCS5 Excavator with Hydraulic Coupler SN AKR26255 | 1FFDBC70HEE230186 |
| 2016 Komatsu PC228USLC-10 Excavator | 2251 |
| 2017 Komatsu WA270-7 Wheel Loader | 81281 |
| 2017 Komatsu PC228USLC-10 Excavator | 2942 |

---

[1] Capitalized terms not otherwise defined herein retain the meanings outlined in the Motion.

| 2015 Hitachi ZX85USB5 Excavator with Tilting and Ditching Buckets | HCMDEF60L00017096 |
|---|---|
| 2016 Caterpillar 336FL Hydraulic Excavator | RKB02047 |
| 2016 Caterpillar 299D XHP Skidsteer | JST01394 |
| 2016 Terex 883 Reclaimer | TRX883STJDGG42150 |
| 2015 Caterpillar 963 Crawler Loader | LCS02300 |

4. The auction resulted in net proceeds to CCG of $465,797.50 after deduction of the auctioneer's commission and funds that CCG held no security interest in (the "Auction Proceeds"). The auctioneer, Ritchie Brothers, sent CCG the Auction Proceeds post-petition. The Debtor claims no rights to the Auction Proceeds. CCG has held those funds in suspense pending entry of an order authorizing CCG to apply the funds to the Loans.

5. The agreement between the Debtor and CCG memorialized herein constitutes an acceptable partial resolution of a contested matter.

6. NOW, THEREFORE, upon consent of the parties, it is:

**ORDERED,** that the Motion is **GRANTED IN PART** solely as to CCG's request for relief as to the Auction Proceeds, and as set forth in this Consent Order; and it is further

**ORDERED,** that the Court makes no findings of fact and reaches no legal conclusions as to the balance of the Motion or the Objection, which shall be adjudicated at a future date; and it is further

**ORDERED,** that the evidentiary hearing presently set for June 29, 2026 at 2:00 p.m. is hereby CONTINUED to July 27, 2026 at 2:00 p.m. (EST), or such other date and time as the Court may set, in Courtroom 3-E, United States Bankruptcy Court, Federal Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20770, before the Honorable Lori S. Simpson; and it is further;

3

**ORDERED,** that pursuant to the parties' agreement, the automatic stay of 11 U.S.C. § 362, to the extent applicable, is hereby modified solely to permit CCG to apply the Auction Proceeds to the Loans; and it is further

**ORDERED,** that CCG is authorized to apply the Auction Proceeds to the Loans; and it is further;

**ORDERED,** that CCG and the Debtor are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion; and it is further

**ORDERED,** that this Order shall be immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a) is waived; and it is further

**ORDERED,** that the Court shall retain jurisdiction over all matters arising from or pertaining to the interpretation or implementation of this Order.

**<u>CONSENTED AND AGREED TO:</u>**

*/s/ Dennis J. Shaffer*_____
Richard L. Costella (Bar No. 14095)
Dennis J. Shaffer (Bar No. 25680)
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202
Phone: (410) 752-9700
Email: rcostella@tydings.com
          dshaffer@tydings.com
*Counsel for the Debtor*

*/s/ Jessica Lynne Duvall*_____
Jessica Lynne Duvall, Fed. Bar No.: 21241
Levin Gann P.A.
1 West Pennsylvania Avenue, Suite 900
Towson, MD 21204
Tel.: 443-610-9273
Email: jduvall@levingann.com
*Counsel to CCG*

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original consent order.

*/s/ Jessica Lynne Duvall*
Jessica Lynne Duvall

**END OF ORDER**