Entered: July 24th, 2026
Signed: July 24th, 2026

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (<u>Greenbelt Division</u>)

| | |
|---|---|
| In re:<br><br>MULFORD CONSTRUCTION CO., INC.,<br><br>Debtor. | Case No. 26-13271-LSS<br>Chapter 11 |
| COMMERCIAL CREDIT GROUP, INC.,<br><br>Movant,<br><br>v.<br><br>MULFORD CONSTRUCTION CO., INC.,<br><br>Defendant. | |

## <u>PARTIAL CONSENT ORDER ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

Upon consideration of the Motion for Relief from the Automatic Stay of 11 U.S.C. § 362(a)

(the "Motion") [ECF No. 185] filed by Commercial Credit Group, Inc. ("CCG"), the Objection

[ECF No. 218] filed by Mulford Construction Co., Inc. (the "Debtor"), the lack of objections filed

1

by any other party, it appearing that the Debtor and CCG, through their respective undersigned counsel, have consented to the relief granted herein.

From its review of the pleadings filed, and it appearing that the parties have reached an agreement according to the following terms, the Court hereby makes the following findings of fact and conclusions of law:

1.      This is a core proceeding within the meaning of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

2.      On or about March 27, 2026 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Court").

3.      Between 2023 and 2025, the Debtor obtained seven loans from CCG which the Debtor utilized to purchase Equipment.[1]

4.      CCG and the Debtor have also reached an agreement that the Debtor will turn over the following pieces of Equipment so that CCG may sell them (the "Repo Equipment"):

| Equipment Description | Serial Number |
| --- | --- |
| 2024 Caterpillar 815-11 Soil Compactor | J5T00251 |
| 2016 Komatsu WA270-7 Wheel Loader with Forks SN J000055325-1 and 3YD Bucket SN J 000064542-1 | A27498 |
| 2016 Komatsu WA270-7 Wheel Loader with 60" Forks SN J000066390-1, Coupler AN 438J270 and 3CY Bucket SN 423J270 | 81498 |
| 2018 John Deere 544K-II Wheel Loader with Forks, Bucket and Coupler | 1DW544KZCJF687258 |
| 2016 Morooka MST2200 Crawler Carrier Dumper | A224126 |
| 2016 Ford F750 Mechanics Truck | 1FDWX7DX6GDA03960 |
| 2014 Caterpillar 924K Wheel Loader | PWR02587 |
| 2014 Caterpillar 938K Wheel Loader with Log Package | SWL02691 |
| 2015 HAMM H7i 66" Smooth Roller | H2220226 |

---

[1] Capitalized terms not otherwise defined herein retain the meanings outlined in the Motion.

| 2015 Caterpillar CS54B 84" Smooth Drum Vibratory Compactor | CATCS54BLL4H00527 |
| 2016 Caterpillar CS44B 66" Smooth Drum Vibratory Roller | CATCS44BVCS300130 |
| 2016 Caterpillar CS44B 66" Smooth Drum Vibratory Roller | CATCS44BLCS300129 |

5.     Service of the Motion to all interested parties was appropriate according to Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure.

6.     The agreement between the Debtor and CCG memorialized herein constitutes an acceptable partial resolution of a contested matter, and the agreement is not prejudicial to other creditors or parties-in-interest.

7.     NOW, THEREFORE, from the foregoing findings of fact and conclusions of law, and it appearing proper to do so, it is:

**ORDERED,** that the Motion is **GRANTED IN PART** as to CCG's request for relief as to the Repo Equipment, and as set forth in this Consent Order; and it is further

**ORDERED,** that the Court makes no findings of fact and reaches no legal conclusions as to the balance of the Motion or the Objection, which shall be adjudicated at a future date; and it is further

**ORDERED,** that the evidentiary hearing presently set for July 27, 2026 at 2:00 p.m. is hereby CONTINUED to August 17, 2026 at 2:00 p.m. (EST), or such other date and time as the Court may set, in Courtroom 3-E, United States Bankruptcy Court, Federal Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20770, before the Honorable Lori S. Simpson; and it is further;

**ORDERED,** that pursuant to the parties' agreement, the automatic stay of 11 U.S.C. § 362, to the extent applicable, is hereby modified to permit CCG to proceed with recovery and sale of the Repo Equipment; and it is further

**ORDERED,** that CCG is authorized to proceed with recovery and sale of the Repo Equipment; and it is further;

**ORDERED,** that CCG and the Debtor are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion; and it is further

**ORDERED,** that this Order shall be immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a) is waived; and it is further

**ORDERED,** that the Court shall retain jurisdiction over all matters arising from or pertaining to the interpretation or implementation of this Order.

**<u>CONSENTED AND AGREED TO</u>:**

*/s/ Richard L. Costella*
Richard L. Costella (Bar No. 14095)
Dennis J. Shaffer (Bar No. 25680)
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202
Phone: (410) 752-9700
Email: rcostella@tydings.com
        dshaffer@tydings.com
*Counsel for the Debtor*

*/s/ Jessica Lynne Duvall*
Jessica Lynne Duvall, Fed. Bar No.: 21241
Levin Gann P.A.
1 West Pennsylvania Avenue, Suite 900
Towson, MD 21204
Tel.: 443-610-9273
Email: jduvall@levingann.com
*Counsel to CCG*

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original consent order.

*/s/ Jessica Lynne Duvall*

4

5

Jessica Lynne Duvall

**END OF ORDER**