**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MULFORD CONSTRUCTION CO., INC.,** | **Case No. 26-13271 (LSS)** |
| **Debtor.** | |

### DEBTOR'S MOTION TO SELL CERTAIN ENCUMBERED VEHICLES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

Mulford Construction Co., Inc. (the "Debtor"), the above-captioned debtor and debtor in possession, by undersigned counsel, files this *Motion to Sell Certain Encumbered Vehicles Free and Clear of Liens, Claims, and Encumbrances* (the "Motion"), and in support thereof, respectfully states as follows.

### Jurisdiction And Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6004-1 and 6004-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules").

6610769.2

**The Chapter 11 Case**

3. On March 27, 2026 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no committee has been appointed or designated.

4. The Debtor is proceeding under the Court's Complex Chapter 11 Case Procedures as set forth in Appendix I of the Local Rules. *See* Md. L. Bankr. R., Appendix I.

**The Debtor and Its Business Operation**

5. The Debtor is a Maryland corporation that provides construction services for both residential and commercial projects. It has over 135 employees and operates in the mid-Atlantic area of the United States, with a significant presence in the State of Maryland.

6. The Debtor provides services in the heavy civil construction area, with the core of the Debtor's business involving site preparation and management for significant construction projects. The Debtor also provides construction services related to the installation of utilities; piping for water, sewer and storm drains; roadwork; commercial landscaping; and related site clearing and grading.

7. The Debtor is currently in its fiftieth year of business. Despite its longevity, recent issues have taken a toll on the Debtor's cash flow, forcing it to seek protection under chapter 11 of the Bankruptcy Code. The conflation of these events has caused a recent significant reduction in the amount of revenue being generated by the Debtor. Despite revenue of approximately $58.4 million in 2024, the Debtor's revenue dropped to approximately $56.4 million in 2025.

6610769.2

8.      In 2024, the Debtor was working on a significant residential development project known as "Smith Home Farm." Due to certain improper activities of other parties to the project that were not in the control of the Debtor, the project was foreclosed upon and ceased to move forward. The Debtor had a significant amount of work on the project at the time the project stopped and was left with approximately $3 million of unpaid invoices. Despite obtaining a judgment in the Debtor's favor in the amount of approximately $2.7 million in July 2025, the Debtor has received little payment on that judgment.

9.      The result of the foregoing has had a significantly negative impact on the Debtor's revenue while simultaneously causing the Debtor to accrue a significant amount of expenses related to the project. Exacerbating the issue, the weather this past winter caused a significant disruption to many of the Debtor's remaining construction projects, limiting the Debtor's ability to complete work on these projects, resulting in a further significant reduction in the Debtor's cash flow.

10.      In an effort to bridge the revenue gap facing the Debtor, the Debtor entered into multiple loan transactions in the form of merchant cash advance ("MCA") agreements with various lenders over the past year or so. The MCAs have extremely high effective interest rates built into their agreements with even more extreme and aggressive repayment terms. The funds being drained from the Debtor's account due to the MCAs made it impossible for the Debtor to continue its operations without the relief afforded by chapter 11. A significant goal of the Debtor in this bankruptcy case is to address the myriad issues concerning the MCAs as part of an overall restructuring of the Debtor's balance sheet.

11.      The Debtor has a significant amount of future revenue under contract with existing jobs that comprise a significant asset of the Debtor's estate. One of the main purposes of this

6610769.2

bankruptcy is to provide the Debtor with a runway to realize the revenue of those projects while providing creditors an opportunity for a distribution on pre-petition debt through a plan of reorganization. The only way to realize on this future revenue is for the Debtor to remain in business as a going concern. Additionally, as part of its restructuring, the Debtor has not ruled out seeking additional capital or perhaps a potential sale of some or all of the Debtor's assets during this bankruptcy case if doing so is feasible and beneficial to the Debtor's estate and creditors.

### **Relief Requested**

12.     By this Motion, the Debtor seeks to sell six encumbered vehicles (the "Vehicles"), which are of no further use and/or benefit to the Debtor and its estate, to monetize their value for use during the Debtor's chapter 11 case and to satisfy any liens relating thereto. A full listing of the Vehicles to be sold pursuant to this Motion is attached hereto as **Exhibit A**.

13.     The Debtor has received on-line offers to purchase the Vehicles from Carvana Co. ("Carvana"), CarMax Enterprise Servies, LLC ("Carmax"), and Kelly Blue Book ("KBB"), and expects to receive offers from other interested parties. The Debtor seeks authority to sell each Vehicle to the highest bidder thereof. The Debtor has received the on-line offers set forth in **Exhibit A**, which may be subject to in-person inspections.

14.     The Debtor believes that the sale of the Vehicles to the highest bidder as set forth herein is in the best interests of the Debtor, its estate, and its creditors. Prior to the commencement of this chapter 11 case, the Debtor sold various vehicles in this fashion, which yielded market rate offers for the respective vehicles at the time, while eliminating any commission or other fees that would be charged by an auctioneer, broker, or similar selling agent.

15.     Moreover, selling the Vehicles as set forth herein can be accomplished quickly, which is an important factor based on the Debtor's current cash flow and need for additional liquidity. Based on prior experience, the Debtor anticipates that the sales could be consummated

6610769.2

in as little as a few days after Court approval, primarily driven by how quickly the Debtor can transport the Vehicles to the respective purchaser for sale and possible inspection. The Debtor does not believe that attempting to sell the Vehicles through an open auction process would yield any greater net benefit to the Debtor's estate because of commissions and other expenses associated with an open auction.

16.     Following the Court's entry of an Order granting this Motion, and once the Debtor has selected a purchaser for each Vehicle and consummated the sale of the Vehicles subject to this Motion, the Debtor proposes to file a report of sale with the Court, identifying the ultimate purchaser and sale price.

## Provisions to Be Highlighted

| | |
|---|---|
| Sale to Insider (LR 6004-3(a)) | The sale of the Vehicles is not to an insider. |
| Agreements with Management (LR 6004-3(b)) | The sale does not include any agreements with management or key employees. |
| Releases (LR 6004-3(c)) | No entities are being released and no claims are waived or otherwise satisfied. |
| Private Sale/No Competitive Bidding (LR 6004-3(d)) | While proposed sales are not subject to an auction, the Debtor did obtain on-line offers from Carvana, Carmax, KBB, and is seeking offers from other prospective purchasers. |
| Closing and Other Deadlines (LR 6004-3(e)) | There are no deadlines for closing or deadlines that are conditions to closing. |
| Good Faith Deposit (LR 6004-3(f)) | No good faith deposit is required. |
| Interim Arrangements with Proposed Buyer (LR 6004-3(g)) | The sale does not include any interim agreements or arrangements. |
| Use of Proceeds (LR 6004-3(h)) | The sale proposes to satisfy the secured claims of lienholders from the sale proceeds, with any balance used to fund this chapter 11 case. |
| Record Retention (LR 6004-3(i)) | The Debtor is not proposing to sell substantially all of its assets. |
| Sale of Avoidance Actions (LR 6004-3(j)) | The Debtor is not seeking to sell or otherwise limit the rights to pursue avoidance actions. |
| Successor Liability (LR 6004-3(k)) | The Debtor seeks to sell the Vehicles to the prospective purchaser(s) free and clear of liens, claims, and encumbrances. |

6610769.2

| Unexpired Leases (LR 6004-3(l)) | There are no possessory leasehold interests, licenses or other rights in the Vehicles. |
|---|---|
| Credit Bid (LR 6004-3(m)) | The Motion does not seek to allow, disallow or affect in any manner credit bidding. |
| Relief from Stay (LR 6004-3(n)) | The Motion requests relief from the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h). |

### **Basis for Relief Requested**

17.     Section 363 of the Bankruptcy Code requires Court approval for the use, sale or lease of estate assets outside the ordinary course of business. In pertinent part, section 363(b)(1) provides that the trustee, "after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "To gain court approval of a sale pursuant to § 363(b), the Debtors must demonstrate that a sound business reason exists for the sale, and that the sale is made in compliance with the business judgment rule." *In re Love*, 553 B.R. 54, 57 (Bankr. D.S.C. 2016). Bankruptcy Courts evaluate "the proposed transaction to ensure that the transaction is fair and reasonable, that the maximum value is being recovered, and that 'the decision to sell is made on an informed basis, in good faith, and in the honest belief that the sale is in the estate's best interest." *Id.* (quoting *In re Shipman*, 344 B.R. 493, 495 (Bankr. N.D. W. Va. 2006)).  "The Court has wide latitude in approving a sale of assets under § 363 (b)."  *In re Siskind*, No. 02-65786-NVA, 2008 Bankr. LEXIS 4495, *18 (Bankr. D. Md. Jul. 3, 2008).

18.     Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: "(i) a sound business reason justifying the sale; (ii) adequate and reasonable notice of the sale to all parties; (iii) that the sale has been proposed in good faith; and (iv) that the purchase price is fair and reasonable." *Rose v. Logan*, No. RDB-13-3592, 2014 U.S. Dist. LEXIS 38890, *23 (D. Md. Mar. 25, 2014) (quoting *In re Siskind*, No. 02-65786-NVA, 2008 Bankr. LEXIS 4495, 2008 WL 2705528, *6 (Bankr. D. Md. July 3, 2008)).

6610769.2

19.     First, the sale of the Vehicles is in the best interests of the Debtor, its estate, and its creditors as it will satisfy significant obligations and generate proceeds necessary to fund a plan of reorganization for the benefit of the Debtor's creditors and to fund operating expenses in this chapter 11 case.[1] The proposed sale, therefore, is a sound exercise of business judgment.

20.     Second, the Debtor provided adequate and reasonable notice of its intention to sell the Vehicles and the opportunity to object to the sale to all parties in interest, including parties asserting a lien on the Vehicles ("Lienholders").

21.     Third, the Debtor proceeded in good faith with the prospective purchasers in selling the Vehicles.

22.     Fourth, Carvana, CarMax, and KBB have offered fair and reasonable prices for the purchase of the Vehicles and the Debtor will offer the Vehicles for sale to other prospective buyers to see if they will offer purchase prices in excess of the amounts quoted by Carvana, Carmax, and KBB. The Debtor believes that, through this proposed process, it will obtain the highest and best value for the Vehicles.

23.     Based on the foregoing, the Debtor submits that the sale of the Vehicles as set forth herein is in the best interest of Debtor, its estate, and creditors, and is based upon sound, reasoned, and informed business judgment warranting this Court's approval.

### Sale Free and Clear of Interests

24.     Pursuant to section 363(f) of the Bankruptcy Code, a debtor may sell property free and clear of any interest in such property of an entity if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property,

---

[1]     The sale will also allow the Debtor to save on the carrying costs associated with the Vehicles, while also allowing it to liquidate excess assets that are not currently being utilized in operations.

6610769.2

(iv) the interest is the subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

25.     To the extent that the Lienholders do not consent to the proposed sale, the economic value of their interest is being paid in full and/or their junior priority is such that the sale would be permitted under non-bankruptcy law free and clear such interest (e.g., foreclosure). Moreover, any lien, claim, encumbrance or interest in the Vehicles that exists immediately prior to the closing of the proposed sale will attach to the sale proceeds with the same validity, priority, force and effect as it has at such time, unless otherwise ordered by the Court or consented to by such holder. Accordingly, section 363(f) of the Bankruptcy Code is satisfied.

## Waiver of Memorandum of Law

26.     Pursuant to Local Rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtor states that, in lieu of submitting memorandum in support of this Motion, it will rely solely upon the grounds and authorities set forth herein.

## Waiver of Stay

27.     The Debtor requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h). As set forth above, the relief requested herein is necessary and appropriate to maximize the value of the Debtor's estate for the benefit of its economic stakeholders. Accordingly, the Debtor respectfully requests that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the nature of the relief sought herein justifies immediate relief.

## Reservation of Rights

28.     Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code;

6610769.2

(b) a waiver of the Debtor's or any other party-in-interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

WHEREFORE, Debtor, Mulford Construction Co. Inc., respectfully requests that this Court enter an Order, in substantially the form attached hereto, authorizing the Sale of the Vehicles free and clear of all liens, claims, encumbrances and other interests; and granting such other and further relief as is just and appropriate under this motion.

Dated: August 10, 2026                     Respectfully submitted,

**TYDINGS & ROSENBERG LLP**

_/s/ Stephen B. Gerald_
Richard L. Costella, Bar No. 14095
Dennis J. Shaffer, Bar No. 25680
Stephen B. Gerald, Bar No. 26590
Megan K. Young, Bar No. 31978
One East Pratt Street, Suite 901
Baltimore, Maryland  21202
Telephone (410) 752-9700
Email: rcostella@tydings.com
          dshaffer@tydings.com
          sgerald@tydings.com
          myoung@tydings.com

_Counsel to Mulford Construction Co., Inc._
_Debtor and Debtor-in-Possession_

6610769.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of August, 2026, the foregoing was served via the Court's CM/ECF filing system on the parties set forth below and by first class mail, postage prepaid, on the parties on the attached service list:

**Nathan D. Adler**    nda@nqgrg.com, terry@nqgrg.com
**Brian E. Barkley**    bbarkley@barkenlaw.com
**Jodie E. Bekman**    jbekman@gfrlaw.com, dferguson@gfrlaw.com
**Garrett E. Brierley**    brierley@councilbaradel.com
**Eugene A Burcher**    eaburcher@thelandlawyers.com
**Aaron L. Casagrande**    Aaron.casagrande@Icemiller.com
**Richard L. Costella**    rcostella@tydings.com,
myoung@tydings.com;pcoolbaugh@tydings.com
**Andrea Campbell Davison**    ADavison@beankinney.com, dadragna@beankinney.com
**Marguerite Lee DeVoll**    mdevoll@watttieder.com, mlindau@watttieder.com
**Emily Devan**    edevan@milesstockbridge.com
**Jessica Lynne Duvall**    jduvall@levingann.com, ltress@levingann.com
**Mark Edelson**    medelson@silvermanthompson.com, dlawal@mdattorney.com
**John Tucker Farnum**    jfarnum@milesstockbridge.com,
jfarnumecfnotices@gmail.com
**Justin Philip Fasano**    jfasano@mhlawyers.com,
jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;mevans@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
**Ashley N Fellona**    ashley.fellona@saul.com, janice.mast@saul.com
**John David Folds**    dfolds@bakerdonelson.com, sparson@bakerdonelson.com
**James Durling Fullerton**    jfullerton@fullertonlaw.com
**Stanford G. Gann**    sgannjr@levingann.com
**Stephen B. Gerald**    sgerald@tydings.com
**Shawn Haught**    shaught@wardcolaw.com
**Alan C. Hochheiser**    ahochheiser@mauricewutscher.com
**Kevin G. Hroblak**    kevin.hroblak@icemiller.com, madelin.hill@icemiller.com
**Darnell E. Ingram**    darnell@deingram.com
**Michael Kalish**    mkalish@thelandlawyers.com,
eaburcher@thelandlawyers.com;mandrews@thelandlawyers.com
**Shanna Kaminski**    skaminski@kaminskilawpllc.com
**Emmit F Kellar**    ekellar@bakerdonelson.com, jbedell@bakerdonelson.com
**Nicole C. Kenworthy**    bdept@mrrlaw.net
**Michael J Klima**    Jklima@kpdlawgroup.com
**Jennifer Larkin Kneeland**    jkneeland@watttieder.com, mlindau@watttieder.com
**Michael J. Levin**    mlevin@silvermanthompson.com
**Pierce C Murphy**    pmurphy@mdattorney.com, efiling@silvermanthompson.com
**Andrew Justin Narod**    anarod@bradley.com, tlynch@bradley.com

6610769.2

**Craig Palik**    cpalik@mhlawyers.com,
cpalik@ecf.inforuptcy.com;Palik.CraigR92003@notify.bestcase.com;mevans@mhlawyers.com;cmartin@mhlawyers.com
**Brandy Michelle Rapp**    brapp@whitefordlaw.com
**L. Jeanette Rice**    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
**Eli Robbins**    erobbins@harrisonlawgroup.com, swilson@harrisonlawgroup.com
**Joel Ruderman**    jruderman@watttieder.com
**Marc E. Shach**    mes@cooncolelaw.com,
mes@cooncolelaw.com;ccc@cooncolelaw.com;dhc@cooncolelaw.com;zjac@cooncolelaw.com;cmh@cooncolelaw.com;grg@cooncolelaw.com;abh@cooncolelaw.com
**Dennis J. Shaffer**    dshaffer@tydings.com,
scalloway@tydings.com;MYoung@tydings.com
**Robert G. Shuster**    rob@shusterlaw.com, courts@shusterlaw.com
**Howard S. Stevens**    hstevens@pascalestevens.com
**Lisa Yonka Stevens**    lstevens@milesstockbridge.com
**Andrew C. Stone**    astone@andrewstonelaw.com, r43012@notify.bestcase.com
**Brent C. Strickland**    bstrickland@whitefordlaw.com,
mbaum@whitefordlaw.com;brent-strickland-3227@ecf.pacerpro.com
**US Trustee - Greenbelt**    USTPRegion04.GB.ECF@USDOJ.GOV
**Jill C Walters**    jwalters@bakerdonelson.com
**Megan Young**    myoung@tydings.com

*/s/ Stephen B. Gerald*
Stephen B. Gerald

6610769.2

**Mail Service List:**

**Rocket Capital Management, LLC**
319 Barry Avenue
Wayzata, MN 55391

**Ally Bank c/o AIS Portfolio Services, LLC**
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**AmeriCredit Financial Services, Inc.**
**dba GM Financial**
PO Box 183853
Arlington, TX 76096

**Blade Funding Inc.**
c/o Giuliano law PC
445 Broadhollow Rd.
Suite 25
Melville, NY 11747-3645

**E. Andrew Burcher**
Walsh, Colucci Lubeley & Walsh, P.C.
4310 Prince William Parkway, Suite 300
Woodbridge, VA 22192

**Ford Motor Credit Company LLC,**
c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Brandy M. Rapp**
Whiteford, Taylor, & Preston, L.L.P.
10 S. Jefferson Street
Suite 110
Roanoke, VA 24011

**Jill C. Waters**
Baker, Donelson,Bearman,
Caldwell & Berk
2235 Gatway Access Point
Suite 220
Raleigh, NC 27607

**Internal Revenue Service**
Centralized Insolvency Oper.
P.O. Box 7346
Philadelphia, PA 19101-7346

**Chaney Enterprises**
P.O. Box 824896
Philadelphia, PA 19182

**Core & Main LP**
PO Box 28330
St. Louis, MO 63146

**Griffith Energy Job Site**
Griffith Energy Services, Inc.
6996 Columbia Gateway Dr.
Columbia, MD 21046

**Iron Sheepdog Inc**
PO Box 541056 Dept 99
Atlanta, GA 30353

**James River Equipment**
P.O. Box 745475
Atlanta, GA 30374

**Maine Drilling & Blasting, Inc**
542 Brunswick Avenue
P.O. Box 1140
Gardiner, ME 04345

**Pioneer Paving LLC**
1675 Dennings Road
New Windsor, MD 21776

**Sunbelt Rentals**
PO Box 409211
Atlanta, GA 30384

**TrenchTech, Inc.**
11217 Maryland Ave
Beltsville, MD 20705

**Washington Winwater**
3137 Pennsy Drive, Unit C
Hyattsville, MD 20785

**WG Construction Company, Inc.**
9251 Industrial Court
Manassas, VA 20109

**Comptroller of Maryland**
Bankruptcy Unit Room 409
301 W. Preston Street
Baltimore, MD 21201-2305

**Maryland Attorney General**
200 St. Paul Place
Baltimore, MD 21202

**Office of the Attorney General**
300 W. Preston Street
Suite 302
Baltimore, MD 21201

**Securities and Exchange Commission**
Atlanta Reg. Office and Reorg.
950 E. Paces Ferry Rd. NE
Suite 900
Atlanta, GA 30326-1382

**Kinsley Construction**
**PO Box 2886**
**York, PA 17405**

**Jesco Equipment Company Inc**
**1260 Centennial Ave**
**Piscataway, NJ 08854**

**Mulford Construction Co., Inc.**
**171 Skipjack Rd**
**Prince Frederick, MD 20678**

**Lewis Askew**
**Tiber Hudson LLC**
**601 Pennsylvania Ave, NW Suite 900**
**Washington DC 20004**

**Shawn Doil, Esq.**
**John Giffune**
**Verill Dana LLP**
**1 Portland Square, Floor 10**
**Portland, ME 04101**

**Nathaniel Hull, Esquire**
**1 Portland Square, Floor 10**
**Portland, ME 04101**

**Patricia McCardle**
**3811 Turtle Creek Blvd**
**Suite 1725**
**Dallas, TX 75219**

**Nicholas Smargiassi**
**Saul Ewing LLP**
**1201 N. Market Street**
**Wilmington, DE 19801**

**Verizon Wireless**
**PO Box 25505**
**Lehigh PA 18002-5505**

**Verizon Connect**
**PO Box 844183**
**Los Angeles, CA 90084**