Entered: August 24th, 2026

Signed: August 20th, 2026

**SO ORDERED**

Hearing on remainder of motion for relief to be heard on September 28,2026 at 2pm in Courtroom 3-E

LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| In re:<br><br>MULFORD CONSTRUCTION CO., INC.,<br><br>Debtor. | Case No. 26-13271-LSS<br>Chapter 11 |
| COMMERCIAL CREDIT GROUP, INC.,<br><br>Movant,<br><br>v.<br><br>MULFORD CONSTRUCTION CO., INC.,<br><br>Respondent. | |

**PARTIAL CONSENT ORDER ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the Motion for Relief from the Automatic Stay of 11 U.S.C. § 362(a) (the "Motion") [ECF No. 378] filed by Commercial Credit Group, Inc. ("CCG"), the consent herein of Mulford Construction Co., Inc. (the "Debtor") and non-debtor, Chesapeake Environmental Materials LLC ("Chesapeake"), the lack of objections filed by any other party, it

appearing that the Debtor and CCG, through their respective undersigned counsel, have consented to the relief granted herein.

From its review of the pleadings filed, and it appearing that the parties have reached an agreement according to the following terms, the Court hereby makes the following findings of fact and conclusions of law:

1. This is a core proceeding within the meaning of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

2. On or about March 27, 2026 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Court").

3. Between 2022 and 2025, Chesapeake obtained seven loans from CCG which the Debtor utilized to purchase the Chesapeake Equipment.[1]

4. Chesapeake allegedly leased the Chesapeake Equipment to the Debtor.

5. CCG, Chesapeake, and the Debtor have reached an agreement that the Debtor will terminate the leases and Chesapeake will turn over the following pieces of Chesapeake Equipment so that CCG may sell them:

| Year | Make and Model | VIN or Ser. No. |
|---|---|---|
| 2022 | Talbert 55CC 55 Ton Lowboy Trailer with Converter Dolly | 40FSK5334N1041879 |
| 2022 | Volvo A30G Articulated Hauler | 752750 |
| 2022 | Volvo A30G Articulated Hauler | 752766 |

[1] Capitalized terms not otherwise defined herein retain the meanings outlined in the Motion.

| | | |
|---|---|---|
| 2023 | Peterbilt 537 Cab & Chassis w/ STI 2460 Eagle Pro II Crane Body SN 71039-5239 & Tiger 1069 11,000 lb Crane SN 1185-69 | 2NPMHJ7X3PM870477 |
| 2023 | Western Star 47X Roll-off Truck | 5KKHBPDV1PLUH4814 |
| 2024 | Kenworth T880 Truck with Roll Off Galbreath 60,000 lbs hoist SN: 8277 | 1NKZLP0X6RJ339713 |
| 2019 | Peterbilt 389 Tri-Axle Truck with J&J Dump Body SN T524 537 | 1NPXX4EX8KD616265 |
| 2021 | John Deere 750L Crawler Dozer | 1T0750LXAMF394356 |
| 2021 | John Deere 750L Crawler Dozer | 1T0750LXCMF391639 |
| 2020 | Volvo A30G Articulated Hauler | 752024 |
| 2020 | Volvo A30G Articulated Hauler | 752013 |
| 2018 | Hitachi 350LC-6 Excavator | 1FFDDR70PKF940777 |
| 2021 | Peterbilt 337 Tri-Axle Truck with Enclosed Lube Body System SN 5658 | 2NP2HJ7X4MM732479 |
| 2019 | Volvo A30G Articulated Hauler | 742518 |
| 2019 | Volvo A30G Articulated Hauler | 742531 |

6. Service of the Motion to all interested parties was appropriate according to Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure.

7. The agreement between the Debtor, Chesapeake, and CCG memorialized herein constitutes an acceptable partial resolution of a contested matter, and the agreement is not prejudicial to other creditors or parties-in-interest.

8. NOW, THEREFORE, from the foregoing findings of fact and conclusions of law, and it appearing proper to do so, it is:

**ORDERED,** that the Motion is **GRANTED IN PART** as to CCG's request for relief as to the Chesapeake Equipment, and as set forth in this Consent Order; and it is further

**ORDERED,** that the Court makes no findings of fact and reaches no legal conclusions as to the balance of the Motion, which shall be adjudicated at a future date; and it is further

**ORDERED,** that pursuant to the parties' agreement, the automatic stay of 11 U.S.C. § 362, to the extent applicable, is hereby modified to permit CCG to proceed with recovery and sale of the Chesapeake Equipment; and it is further

**ORDERED,** that CCG is authorized to proceed with recovery and sale of the Chesapeake Equipment; and it is further;

**ORDERED,** that CCG, Chesapeake, and the Debtor are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion; and it is further

**ORDERED,** that this Order shall be immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a) is waived; and it is further

**ORDERED,** that the Court shall retain jurisdiction over all matters arising from or pertaining to the interpretation or implementation of this Order.

**CONSENTED AND AGREED TO:**

*/s/ Richard L. Costella*______________________________
Richard L. Costella (Bar No. 14095)
Dennis J. Shaffer (Bar No. 25680)
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202
Phone: (410) 752-9700
Email: rcostella@tydings.com
dshaffer@tydings.com
*Counsel for the Debtor and Chesapeake*

*/s/ Jessica Lynne Duvall*__________
Jessica Lynne Duvall, Fed. Bar No.: 21241
Levin Gann P.A.
1 West Pennsylvania Avenue, Suite 900

Towson, MD 21204
Tel.: 443-610-9273
Email: jduvall@levingann.com
*Counsel to CCG*

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original consent order.

*/s/ Jessica Lynne Duvall*
Jessica Lynne Duvall

**END OF ORDER**